# IN RE S. C. HERBST IMPORTING COMPANY.

TRADEMARKS; ABUSE OF DISCRETION.

There is no abuse of discretion on the part of the Commissioner of Patents in refusing to register the words "Chancellor Club" as a trademark for cocktails, upon the ground that the words would be confused in the mind of the purchasing public with the prior registered mark "Club Cocktails" for the same class of goods.

No. 394. Patent Appeals. Submitted January 14, 1908. Decided February 4, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for the registration of a trademark. *Affirmed.*

The facts are stated in the opinion.

*Mr. L. S. Bacon* and *Messrs. Bacon & Milans* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents refusing to register the words "Chancellor Club" as a trademark for cocktails, the decision being based upon the conclusion that the words " 'as a mark for cocktails' would be confused in the mind of the purchasing public with the prior registered mark 'Club Cocktails' for the same goods."

Sec. 2 of the trademark act (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1008) ordains that every

application for the registration of a trademark shall contain a statement that no other person, firm, corporation, or association, to the best of the applicant's knowledge and belief, has the right to use such mark "either in its identical form or in such near resemblance thereto as might be calculated to deceive;" and sec. 4 of said act ordains that a trademark "which so nearly resembles a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers, shall not be registered." The purpose of the act was to prevent, and not to promote, confusion; to protect, and not to deceive, the public. The language used empowers the Commissioner to exercise his discretion as to whether a proposed mark should be registered. If in his opinion its registration will "be likely to cause confusion or mistake in the mind of the public" or "deceive purchasers," he is bound to reject it. After full hearing, he has so found in this case, and on the showing made here we are content with his decision.

*Heublein* v. *Adams,* 125 Fed. 782, sustains the view taken by the Commissioner. That was a bill for infringement and to restrain unfair competition in trade. The petitioners had adopted and used the trademark "Club Cocktails" prior to the adoption and use by the defendants of the words "Boston Club Cocktails." Judge Colt, in a well-considered opinion, ruled that "the defendants should be restrained from the use of the word 'Club' as a distinguishing mark for their cocktails, upon the ground of unfair competition in trade." The court said: "The complainants have built up an extensive trade in 'Club Cocktails,' not only in this country, but in most of the foreign markets of the world. * * * Their use of this trade name since its adoption in 1892 has been continuous, uniform, and notorious. * * * The complainants' goods have received a universal trade recognition, and, in a broad commercial sense, have completely occupied the market. 'Club cocktails' mean in the trade only the cocktails made by the complainants. * * * While the form and color and appearance of defend-

ants' labels, and the size and color of their bottles, are unlike the complainants' it appears that the distinguishing feature by which complainants' cocktails are commercially known resides in the word 'Club,' and not in the dress of the goods."

If the words "Boston Club Cocktails" misled or deceived the public because of the prior use of the words "Club Cocktails" by another firm, we think it follows that the use of the mark "Chancellor Club Cocktails" would be likely to result in similar confusion, and that, therefore, they should not be registered.

The decision of the Commissioner of Patents was right, and is therefore affirmed. The clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents in accordance with law.                     *Affirmed.*